

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:17-CR-225 |
| v. | (Chief Judge Conner) |
| [1] NATHAN ANTHONY OTT, <br> [2] APOLLO RAVANNA BEY, <br> [3] MIKE WOOD, <br> [4] CINDY JO WOOD, <br> [5] JUSTIN CHANDLER, <br> [6] STEPHANIE HOLTRY, <br> [7] BRETT TRAGESER, <br>     Defendants. | |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
(Conspiracy to Distribute and Possess
With Intent to Distribute Fentanyl)

From in or about October of 2015, and continuing to on or about May 2017, in Franklin County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

[1] NATHAN ANTHONY OTT,
[2] APOLLO RAVANNA BEY,
[3] MIKE WOOD,
[4] CINDY JO WOOD,
[5] JUSTIN CHANDLER,
[6] STEPHANIE HOLTRY,
[7] BRETT TRAGESER,

knowingly and intentionally combined, conspired, confederated and agreed with each other and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with intent to distribute 400 grams and more of a mixture and substance containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iv).

All in violation of Title 21, United States Code, Section 846.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
(Possession with Intent to Distribute Fentanyl)

On or about May of 2017, in Franklin County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**[1] NATHAN ANTHONY OTT,**

did knowingly and intentionally possess with intent to distribute 400 grams and more of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iv).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
(Distribution of Fentanyl)

On or about March 16, 2017, in Franklin County, within the Middle District of Pennsylvania, the defendant,

**[7] BRETT TRAGESER,**

knowingly and intentionally distributed fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
(Distribution of Fentanyl)

On or about April 30, 2017, in Franklin County, within the Middle District of Pennsylvania, the defendant,

**[5] JUSTIN CHANDLER,**
**[6] STEPHANIE HOLTRY,**

knowingly and intentionally distributed fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 5
(Possession with Intent to Distribute Fentanyl)

On or about May 3, 2017, in Franklin County, within the Middle District of Pennsylvania, the defendant,

[3] **MIKE WOOD,**
[4] **CINDY JO WOOD,**

knowingly and intentionally possessed with intent to distribute fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 6
(Possession with Intent to Distribute Fentanyl)

On or about May 3, 2017, in Franklin County, within the Middle District of Pennsylvania, the defendant,

[5] **JUSTIN CHANDLER,**
[6] **STEPHANIE HOLTRY,**

knowingly and intentionally possessed with intent to distribute fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 7</u>
(Possession of Firearm in Furtherance
of a Drug Trafficking Crime)

On or about May 3, 2017, in Franklin County, within the Middle District of Pennsylvania, the defendants,

[5] **JUSTIN CHANDLER,**
[6] **STEPHANIE HOLTRY,**

did knowingly possess firearms, in furtherance of a drug trafficking crime for which each may be prosecuted in a court of the United States, to wit: criminal conspiracy to distribute and possess with intent to distribute fentanyl as charged in Count 1 of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

THE GRAND JURY FURTHER CHARGES:

## COUNT 8
(Maintaining Drug-Involved Premises)

From on or about October 2015, the exact date being unknown to the Grand Jury, and continuing to at least as late as on or about May 2017, in Franklin County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

### [1] NATHAN ANTHONY OTT,

knowingly and intentionally used and maintained a place, namely 219 Harzell Drive, Chambersburg, Pennsylvania and 3985 Horst Lane, Chambersburg, Pennsylvania, permanently and temporarily, for the purpose of manufacturing and distributing a controlled substances, to wit: fentanyl.

All in violation of Title 21, United States Code, Section 856(a).

THE GRAND JURY FURTHER ALLEGES:

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code,

Section 853; Title 18, United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c).

2. Pursuant to Title 21, United States Code, Section 853; Title 18; United States Code, Section 924(d); and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 21, United States Code, Sections 841, 846, or 856 or Title 18, United States Code, Section 924, the defendants,

[1] NATHAN ANTHONY OTT,
[2] APOLLO RAVANNA BEY,
[3] MIKE WOOD,
[4] CINDY JO WOOD,
[5] JUSTIN CHANDLER,
[6] STEPHANIE HOLTRY,
[7] BRETT TRAGESER

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses; and any firearms and ammunition involved in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

a. A money judgment of no less than $400,000 in U.S.

3.  If any of the property described above, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

BRUCE D. BRANDLER
UNITED STATES ATTORNEY

*[signature]*
DARYL F. BLOOM
Assistant United States Attorney

TRUE BILL

*[signature redacted]*
FOREPERSON

7/26/17
Date